```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**ROY JAMES KEIFFER,**

       Plaintiff,

v.                             CIVIL ACTION NO: 2:11-0500

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security**
**Administration,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

On July 22, 2011, plaintiff instituted this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C.A. § 405(g). The sole issue before the court is whether the final decision denying plaintiff's claim for income and benefits is supported by substantial evidence. <u>See</u> 45 U.S.C.A. § 405(g).

By standing order this action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge. On March 29, 2012, the magistrate judge filed her Proposed Findings and Recommendation ("PF&R"). In the PF&R, the magistrate judge recommends that the Commissioner's final decision be affirmed and this matter dismissed from the docket. On the question of plaintiff's past work and certain jobs in the national economy, the PF&R states as follows:

> [A]s persuasively argued by the Commissioner, "there was no apparent unresolved conflict between the . . . [Dictionary of Occupational Titles ("DOT")] and the VE's testimony because although the ALJ did not specifically ask the VE whether her testimony was consistent with the DOT, the VE nevertheless answered the unasked question -- she testified that up to 50 percent of the occupational base for all security guard positions are stationary and performed primarily in the seated position, including gate guard and a night watchman." (Def.'s Br. at 7-8.) (Tr. at 74-75.) Therefore, the court proposes that the presiding District Judge find that any error by the ALJ in failing to ask the vocational expert about whether there was a conflict between her testimony and the DOT is harmless.

(PF&R at 13). In his objections, plaintiff counters with the following challenge to this conclusion:

> The VE testified in error that the Plaintiff's past work as a security guard was performed as a stationary job with a sit/stand option and that even if he couldn't return to his past work that there were a significant number of security guard jobs performed at the sedentary level, such as gate guard or night watchman (Transcript pg. 74-76). The record and Plaintiff's testimony demonstrate that he did not perform his past work as sedentary work. The ALJ's RFC and decision that the Plaintiff could perform his past work and other security jobs is not harmless because the jobs named by the VE are not significant numbers. If the Plaintiff cannot perform his past relevant work, in order to find unfavorably, the ALJ must find significant numbers of jobs in the economy that fit within the parameters of the given RFC. The VE named security jobs and stated that the numbers would have to be reduced 50%. The exact numbers were not given, and further jobs were not named. Therefore, significant numbers of jobs were not offered, and if the Plaintiff cannot perform his past work, it is not harmless for significant numbers of jobs to not be offered.

(Objecs. at 1-2).

The ALJ's decision stated as follows respecting plaintiff's work capacity: "in comparing the claimant's residual functional capacity with the physical and mental demands of work as a security guard, the undersigned finds that the claimant is able to perform it as actually and generally performed." (Record at 28).  As noted by the magistrate judge, the Commissioner's response fully covers plaintiff's assertion of error.  (See PF&R at 10 (quoting Comm.'s Resp.).  In sum, there was no apparent unresolved conflict between the DOT and the vocational expert's testimony, the vocational expert nevertheless answered the allegedly unasked question based upon her many years of vocational counseling experience, plaintiff has not shown any error would have changed the ALJ's decision, and plaintiff failed to question the vocational expert respecting the matter.

In view of the foregoing discussion, the challenged decision of the ALJ is supported by substantial evidence.  Having reviewed the record de novo, the court ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted and incorporated herein;
2. That judgment be, and it hereby is, granted in favor of the Commissioner;

3. That the Commissioner's final decision be, and it hereby is, affirmed; and

4. That this civil action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge.

DATED: June 25, 2012

John T. Copenhaver, Jr.
United States District Judge